# Blumberg, Appellant, *v.* Pecarsky.

*Judgment—Validity of judgment—Evidence—False representations.*

On the trial of an issue to determine the validity of a judgment, where the testimony shows that the parties had agreed to an exchange of lands, and had each placed in the hands of a conveyancer his judgment note to be entered up if he should back out of the bargain, and the only question before the jury is whether the defendant whose note had been entered up, had backed out of the bargain, testimony as to alleged false representations which were the inducement for the agreement of exchange is irrelevant.

Argued Oct. 12, 1903.  Appeal, No. 68, Oct. T., 1903, by plaintiff, from judgment of C. P. No. 3, Phila. Co., June T., 1899, No. 890, on verdict for defendant in case of David Blumberg v. Jacob Pecarsky.  Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.  Affirmed.

Issue to determine the validity of a judgment.  Before Mc-MICHAEL, J.

At the trial it appeared that the plaintiff and defendant had entered into an agreement for an exchange of real estate, and that each had placed in the hands of a conveyancer his judgment note of $100 to be entered up if he should back out of the bargain.  Defendant's note was subsequently entered up. He claimed at the trial that he had not backed out of the agreement, but that he had failed to receive proper notice of the time and place of settlement.  The plaintiff made numerous offers of evidence to show that he had been induced to enter into the agreement of exchange by certain false representations as to the value of the stock of a building association which accompanied a mortgage.  All of these offers were excluded as irrelevant.

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were various rulings on evidence.

*Charles L. Smyth*, for appellant.

*John Wilson*, for appellee.

PER CURIAM, November 16, 1903:

The affidavit or petition upon which the judgment was opened is not printed in the appellant's paper-book, and there being no formal pleadings, we are compelled to look to the evidence to determine what was the issue before the jury. This discloses that the parties entered into an agreement for an exchange of real estate, and each put in the hands of the conveyancer a judgment note upon the understanding and agreement that if either " backed out " the other was to have the right to enter judgment upon the note against the one who failed to live up to his agreement. In his charge to the jury, the learned judge stated the issue as follows : " At the time the agreement was signed, each of the parties put in the hands of the conveyancer, who seems to have acted for both of them in that transaction at that particular time, a judgment note. He was given this note of Pecarsky's and a note of Blumberg's, and it is for you to say what the agreement was in regard to those notes. The evidence, as I understand it—I mean the uncontradicted evidence—was, that if either party backed out (I think I am using the language of the witnesses) the other one was to have the right to enter up the note against him ; and the question for you to determine in this case is, Did Mr. Pecarsky, the defendant, back out (in the words of the witnesses) from his agreement to convey to Blumberg? If you will keep that in mind as the real point of the controversy, all that which seems difficult and technical disappears. You will see that all matters that do not tend to throw light on that particular question are irrelevant, that is, they do not tend to prove one side or the other of that question, and they are excluded. It is sometimes a little difficult for a layman to get at the reason why evidence is excluded or admitted. The question I am going to leave you to determine is, whether or not Pecarsky backed out of his agreement. If he did, I will have a word to say about the damages which the plaintiff is entitled to recover. If he did not, then your verdict should be for the defendant, that is, for Pecarsky." The verdict was for the defendant.

We cannot find from the record as printed that this portion of the charge, or the charge as a whole, was excepted to in the court below ; but, aside from that, we are of opinion that

the foregoing statement of the question at issue was fairly warranted by the evidence. Such being the case, it seems clear that the several offers to prove that the defendant made false representations which induced the plaintiff to enter into the agreement for exchange, even though they were such as would have warranted the plaintiff in rescinding, were irrelevant. We think the court committed no error in rejecting them.

All the assignments of error are overruled, and the judgment is affirmed.